**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pinnacle Pines Community Association, as Arizona non-profit corporation, | No. CV12-8202 PCT DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Lexington Insurance Company, a Delaware corporation, et al., | |
| Defendants. | |

The Court has reviewed Defendant Chartis Specialty Insurance Company's motion to strike Plaintiff's experts (Doc. 96), Plaintiff's response (Doc. 103), and Chartis' reply (Doc. 104). The Court concludes that oral argument is not necessary, and will grant the motion as set forth below.[1]

Plaintiff's response states that Plaintiff is withdrawing Stanley Feldman as an expert witness in this case. Plaintiff further states that it plans to call David Deatheredge and Scott Dinslage as fact witnesses, not expert witnesses. Given these clarifications, the Court concludes that Mr. Feldman will not testify at trial and Mr. Deatheredge and Mr. Dinslage will not give opinions at trial under Federal Rule of Evidence 702. Plaintiff implies that it will seek to have Deatheredge and Dinslage repeat expert opinions they provided in an earlier proceeding. To the extent any such testimony would constitute an

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1   expert opinion on an issue of consequence in this case, it will not be permitted.  Plaintiff

2   failed to make expert disclosures as required by Rule 26(b)(2)(B) and the Court's Case

3   Management Order (Doc. 49), and Plaintiff does not argue, nor does the Court find, that

4   the failure is substantially justified or harmless.  *See* Fed. R. Civ. Proc. 37(c)(1).

5   The Court has reviewed the report of Plaintiff's expert Joseph L. Olivia.  Mr.

6   Oliva is an insurance coverage attorney from California.  He states that his report and

7   opinions were prepared with the assistance of an associate attorney in his office.  Mr.

8   Oliva interprets this Court's ruling on Defendants' motion to dismiss, concludes that it is

9   correct and consistent with his view of Arizona law, and opines that Defendants'

10  maintaining positions contrary to the order would constitute bad faith.  He then reviews

11  the policy of each Defendant, opines as to how the policy should be construed by the

12  Court, and opines on the amount of insurance coverage owed by Defendants.  Mr. Oliva

13  provides further opinions on defenses and exclusions offered by Defendants, finds that

14  Defendants have engaged in bad faith (an issue not presented by the claims in this case),

15  and opines that Plaintiff should recover its attorneys' fees in this action.  In short, Mr.

16  Oliva undertakes this Court's task – construing the insurance contracts at issue, rejecting

17  defenses, finding liability, and awarding attorneys fees.

18  This is not the proper role of an expert witness.  "[T]he interpretation of [an]

19  insurance policy is a question of law for the court."  *McHugh v. United Serv. Auto. Ass'n*,

20  164 F.3d 451, 454 (9th Cir. 1999).  Experts "cannot be used to provide legal meaning or

21  interpret the policies as written."  *Id.*; *see also Chale v. Allstate Life Ins. Co.*, 353 F.3d

22  742, 749 (9th Cir. 2003) ("Although testimony from medical experts can help inform the

23  legal decision maker about the nature of these afflictions, it does not dictate the proper

24  legal interpretation of this policy term. This is the province of courts rather than

25  doctors.") (internal citation omitted); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039,

26  1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.  Experts interpret

27  and analyze factual evidence. They do not testify about the law.") (citations and quotation

28  marks omitted); *Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 898-99 (9th Cir.

1993) (holding that an insurance expert's declaration that sulphur dioxide cloud constituted a "hostile fire" as described in insured's policies was improper expert testimony); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (stating that matters of law are "inappropriate subjects for expert testimony"); *Messina v. Midway Chevrolet Co.*, 209 P.3d 147, 153 (Ariz. Ct. App. 2008) ("we give insurance policy terms their ordinary meaning and effect, and we view them from the standpoint of someone untrained in law or the insurance business"; affirming trial court's decision that expert testimony was not needed to interpret terms of insurance policy); *Benevides v. Arizona Prop. & Cas. Ins. Guar. Fund*, 911 P.2d 616, 619 (Ariz. Ct. App. 1995) ("Interpretation of insurance contracts is a question of law for this court to decide.").  The Court accordingly will grant Defendant Chartis' motion to exclude Mr. Oliva's opinions.

**IT IS ORDERED** that Defendant Chartis' motion to strike (Doc. 96) is granted. Mr. Oliva is precluded from testifying at trial, Mr. Deatheredge and Mr. Dinslage will not be permitted to state opinions under Federal Rule of Evidence Rule 702, and Mr. Feldman has been withdrawn as an expert witness in this case.  The Court will not award fees or costs for the bringing of this motion.

Dated this 13th day of December, 2013.

David G. Campbell
United States District Judge